U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 11 2013

TONY R. ~~~, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

ANTHONY A. WILLIAMS

CRIMINAL NO. 10-0094-01
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is Anthony A. Williams's ("Williams") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 42. Based on the following, Williams's motion is **DENIED**.

### I. BACKGROUND

**A.  Factual Background.**

The factual basis attached to Williams's plea agreement and presented during the guilty plea hearing along with the presentence report indicate that on August 31, 2009, Williams pawned three firearms at Pendleton Gun and Pawn in Many, Louisiana. Records received from Pendleton Gun and Pawn confirmed Williams sold to them (1) a Marlin, model Glenfield 60, .22 caliber rifle, (2) a Marlin, model 75, .22 caliber rifle, and (3) a Mosin-Nagant, model 44, 7.62 x 54 mm rifle. See Record Document 51 at 3.

Alcohol Tobacco and Firearm ("ATF") agents arrested Williams on March 26,

2010, in Hemphill, Texas. After Williams was advised of his rights, he admitted to the ATF agents that he had pawned the firearms at Pendleton Gun and Pawn. See id. The factual basis further states:

> The defendant was previously convicted of: 1) robbery (with physical contact), Denton, Texas, 1986, for which he received a sentence of seven years; 2) delivery of controlled substances (two counts), Denton, Texas, 1990, for which he received a sentence of ten years; and 3) burglary of a habitation, Sabine Country, Texas, 2000, for which he received a sentence of five years. Each of the three guns which are the subject of this case are firearms within the meaning of Title 18, United States Code, Section 921(a)(3), and they have traveled in interstate commerce.

See Record Document 20-2 at 1.

**B.  Procedural Background.**

On March 25, 2010, a federal grand jury returned a one count indictment against Williams, charging him with possession of three firearms after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). See Record Document 1. Thereafter, Williams pled guilty. At sentencing, the court concluded that Williams had three prior felony convictions, which qualified him for a 15 year mandatory minimum sentence under 18 U.S.C. § 924(e). Williams was sentenced to 180 months followed by a three year term of supervised release. See Record Documents 25 and 27. Williams timely filed his appeal of the sentence. See Record Document 28. On May 16, 2011, Williams's conviction was affirmed by the United States Court of

Appeals for the Fifth Circuit. See Record Document 39. Williams then petitioned the Supreme Court for a writ of certiorari. This petition was denied on October 3, 2011. Thereafter, Williams filed the instant motion. See Record Document 42.

## II. LAW AND ANALYSIS

In this section 2255 motion, Williams claims that his attorney, Betty Marak ("Marak"), was ineffective in that she failed to object to the insufficiency of his indictment because the indictment did not include a description of which of his prior felony convictions served as the predicate for his conviction under 18 U.S.C. § 922(g)(a). As a general rule, the review of a conviction pursuant to a section 2255 motion is limited to constitutional and jurisdictional questions. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Ineffective assistance of counsel claims can be considered and should generally be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, rather than on direct appeal, as the record is not fully developed. See United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999).

To prevail on a claim of ineffective assistance of counsel, Williams must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland analysis requires a showing by Williams that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." Id. The Fifth Circuit has described this standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (quotations and citation omitted). In evaluating counsel's performance, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Williams may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, Williams must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudicial prong of the Strickland test, Williams must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004). If Williams fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

Williams alleges that Marak was ineffective because she failed to note that his

indictment did not include a description of which of his prior felony convictions served as the predicate for his conviction under 18 U.S.C. § 922(g)(a) and therefore, the indictment was insufficient and cannot support his guilty plea. See Record Document 42. Williams also argued that Marak was ineffective for her failure to object to his plea because "a necessary factual element was omitted from the indictment and from the plea colloquy and from the plea itself." Id., Ex. 1 at 2.

In Russell v. United States, 369 U.S. 749, 763, 82 S. Ct. 1038, 1047 (1962), the Supreme Court set out the two criteria by which the sufficiency of an indictment is to be measured. First, the indictment must contain the elements of the offense intended to be charged and must "sufficiently apprise the defendant of what he must be prepared to meet." Id. (internal quotation marks omitted). Second, the defendant must be "fully protected from again being put in jeopardy for the same offense." Id. at 764, 82 S. Ct. at 1047. In Russell, the Court found that the second requirement was met because the times and places of the alleged crimes were contained in the indictment. See id. In order to satisfy the first requirement, however, the Court stated that the words of a statute were not sufficient unless they "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary" to establish the offense. Id. at 765, 82 S. Ct. at 1048 (quotations and citation omitted). The language of the statute can be used in the general sense, the Court found, but it must be accompanied by a statement of the facts and circumstances that will inform the

accused of the specific offense with which he is charged. See id.

In the present case, both requirements for a sufficient indictment are met. The first requirement is met because the elements of the charged offense are contained in the indictment. Count one clearly states that Williams, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, a firearm. . . ." Record Document 1. Accordingly, the elements of the crime Williams is accused to have committed are clearly defined: 1) he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and 2) he knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Furthermore, the date when Williams pawned the firearms is defined in the indictment, therefore the second requirement for a sufficient indictment is met. See Russell, 369 U.S. at 764. Williams's allegations that the indictment was insufficient must fail as both requirements for a sufficient indictment were met.

Section 922(g)(1) applies to any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). There is no requirement in the statute that the government specify which crime the person charged in section 922(g) committed. Furthermore, this court's search of caselaw did not reveal any rulings by the Fifth Circuit compelling the government to affirmatively state the previous felony committed in the indictment.

6

Admittedly, one of the elements that the government must prove with regard to the statute is a previous felony conviction. However, precedent is clear that "[t]he question whether a felony conviction may serve as a predicate offense for a prosecution for being a felon in possession of a firearm pursuant to [section] 922(g)(1) is 'purely a legal one.'" United States v. Broadnax, 601 F.3d 336, 345 (5th Cir. 2010) (quoting United States v. Daugherty, 264 F.3d 513, 514 (5th Cir. 2001)). In Broadnax, the Fifth Circuit concluded that it was "for the district court, not the jury, to determine whether any of [the defendant's] prior convictions qualified as a 'crime punishable by imprisonment for a term exceeding one year' as that phrase is defined in [section] 922(a)(20)." Id. In the instant case, this court found that Williams had not just one prior felony conviction, but three--enough to support a conclusion that he qualified as an armed career criminal. Therefore, Williams's counsel's failure to object to the lack of the specificity of the previous felony in the indictment or in the plea colloquy did not result in her ineffectiveness, as there was no valid objection to be made.

Furthermore, Williams's argument that he "did not understand the law in relation to the facts of case" are belied by the Rule 11 package with the attached factual basis for the guilty plea presented during the hearing, which was signed by both Williams and his counsel. Williams also made statements during the guilty plea which indicated his understanding of the charges contained in the indictment. The

court and Williams had the following exchange regarding his guilty plea:

> Court: Ms. Marak, would you turn in the plea package to the Elements of the Offense page, please, ma'am.
>
> Mr. Williams, if this matter was going to be concluded by you having a trial, I would have to, at the end of the trial, tell the jury what they ought to apply to the facts that the witnesses have produced. And the first thing, this document tells you that for Mr. Williams to be found guilty of this crime, the Government must prove each of the following beyond a reasonable doubt. First, that the defendant knowingly possessed a firearm as charged. You readily admit that these were weapons you had in your possession. They wouldn't have any trouble proving that, would they?
>
> Williams: No, sir.
>
> Court: Second, that before the defendant possessed the firearm, he had been convicted in a court of a crime punishable by a term more than one year, a felony offense. They would be able to show the documents from Texas and the jury likely would believe that, too, wouldn't they?
>
> Williams: Yes, Your Honor.

Record Document 31 at 12.[1]

---

[1] To further evidence that Williams was fully aware and understood the totality of the indictment and the charges contained therein, he offered the following during his sentencing hearing:

> Williams: I feel as if it's not fair. I feel it's not right. I mean, I have lived down every time I have been in trouble. I have lived it down and tried to stay out of trouble and I made one little mistake with these guns. I don't even

8

Relying on the standards set forth above, the court finds that Williams has failed to satisfy the first prong of the Strickland test by showing that his trial counsel was deficient. Because Williams has failed to show that his counsel was deficient, this court need not address the issue of whether the alleged deficiency prejudiced Williams's rights. See Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994)("A court need not address both components of [the Strickland] inquiry if the defendant makes an insufficient showing on one."). Accordingly, Williams's ineffective assistance claim is without merit.

---

> want to be around no guns; I don't want to see guns no more; I want nothing to do with them. All I really want to do is go back and get a job and support my family like I'm supposed to. I don't –this 15 years, I just – that's going to put me almost in my grave if I have to do that when I get out. . . .

Record Document 32 at 10.

During the sentencing hearing, Marak objected and argued regarding the Armed Career Criminal Act finding, challenging the applicability of two Texas convictions Williams received for delivery of amphetamine for which he received separate, concurrent ten years sentences. However, she also noted during the hearing that this objection was foreclosed because of the Fifth Circuit's decision in United States v. Hinojosa, 349 F.3d 200 (5th Cir. 2003).

## III. CONCLUSION

For the above cited reasons, Williams's section 2255 motion (Record Document 42) is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of June, 2013.

_____
JUDGE TOM STAGG